IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| | * |
| JOSEPH LETELLIER | |
| | * |
|     Plaintiff, | |
| | * |
|       v. | CIVIL NO.: WDQ-08-3343 |
| | * |
| SHOPCO U T ASSOCIATION, | |
| *et al.*, | * |
| | * |
|     Defendants. | |
| | * |

*   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM OPINION

After being robbed while making a bank deposit, Joseph
Letellier sued Shopco U T Association ("Shopco"), Wachovia Bank,
Wachovia Corporation, and Ramco-Gershenson Properties Trust
("Ramco") for negligence.  Pending is Ramco's motion to dismiss
for failure to state a claim upon which relief can be granted.
For the following reasons, the motion will be granted.

I.   Background

On May 8, 2006, Letellier was beaten and robbed while
making a deposit for his employer at Wachovia Bank in Crofton,
Maryland.[1]  Amend. Compl. ¶ 5-9; Pl.'s Opp., Ex. A.  On July 7,

---

[1] For the pending motion, Letellier's well-pled allegations are
accepted as true.  *See Mylan Labs., Inc. v. Matkari*, 7 F.3d
1130, 1134 (4th Cir. 1993).  The allegation that Letellier was
working during the robbery is not in the Amended Complaint but

2006, the Maryland Workers' Compensation Commission awarded Letellier compensation for his injuries.  Pl.'s Opp., Ex. A.

On December 12, 2008, Letellier sued Shopco, Wachovia Bank, and Wachovia Corporation for negligence.  Paper No. 1.  On June 18, 2009, Shopco impled Ramco.[2]  Paper No. 24.  On July 27, 2009, Letellier moved to amend his complaint to add Ramco as a defendant.  Paper No. 31.  On August 14, 2009, the Court granted the motion, and Letellier filed the Amended Complaint.  Paper Nos. 36, 37.  On September 4, 2009, Ramco moved to dismiss the Amended Complaint as time-barred.  Paper No. 46.

II.  Analysis

A.  Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of

---

is in the Award of Compensation which Letellier attached to his Opposition.  Because the Award is a public record, the Court may consider it on a 12(b)(6) motion without converting the motion into one for summary judgment.  *Clark v. BASF Salaried Employees' Pension Plan*, 329 F. Supp. 2d 694, 697 (W.D.N.C. 2004), *aff'd*, 142 Fed. Appx. 659 (4th Cir. 2005).

[2] Ramco owns the shopping center where the Crofton Wachovia Bank is located.  Amend. Compl. ¶ 29.

a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts as pleaded must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" the plaintiff is entitled to relief. *Id*. at 1950 (*citing* Fed. R. Civ. P. 8(a)(2)). When the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged–but it has not shown–that the pleader is
entitled to relief.  *Id*.

The Court "should view the complaint in a light most
favorable to the plaintiff," and "accept as true all well-
pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130,
1134 (4th Cir. 1993), but the Court is "not bound to accept as
true a legal conclusion couched as a factual allegation,"
*Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations
that are mere[] conclus[ions], unwarranted deductions of fact,
or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730
(4th Cir. 2002).

B.  Ramco's Motion

Ramco contends that Letellier's negligence claim is time-
barred under § 5-101 of the Courts and Judicial Procedure
Article of the Maryland Code because the Amended Complaint was
filed more than three years after the robbery.  Letellier
counters that the statute of limitations did not begin to run
until two months after he received his first compensation award;
thus, his action is timely.

Under § 5-101, "a civil action at law shall be filed within
three years from the date it accrues unless another provision of
the Code provides a different period of time within which an

action shall be commenced."  Md. Code Ann., Cts. & Jud. Proc. § 5-101 (LexisNexis 2009).[3]

Section 9-902(d) of the Labor and Employment Article extends the limitations period for plaintiffs who have been awarded workers' compensation for their injury.[4]  *Hayes v. Wang*, 107 Md. App. 598, 669 A.2d 771, 771 (Md. Ct. Spec. App. 1996). Under § 9-902(d), "[t]he period of limitations for the right of action of a covered employee . . . does not begin to run until 2 months after the first award of compensation made to the covered employee."  Md. Code Ann., Lab. & Empl. § 9-902(d) (LexisNexis 2009).

This section does not postpone the accrual of an injured employee's cause of action; it merely tolls the limitations

---

[3] Section 5-101 governs negligence actions.  *See Booth Glass Co. v. Huntingfield Corp.*, 304 Md. 615, 500 A.2d 641, 644 (1985).  A negligence cause of action accrues when the alleged wrongful act occurs.  *See Harig v. Johns-Manville Prods.*, 284 Md. 70, 394 A.2d 299, 302 (1978).

[4] Section § 9-902(d) is part of the Maryland Workers' Compensation Act, which generally requires an employer to pay workers compensation benefits if an employee is injured while working. *Podgurski v. OneBeacon Ins. Co.*, 374 Md. 133, 821 A.2d 400, 404 (2003).  When a third party causes the employee's injury, the employer or its insurer may sue the third party to recover the compensation paid to the employee. *Id.*; Md. Code Ann., Lab. & Empl. § 9-902 (LexisNexis 2009).  For two months after the award of compensation, the employer has the exclusive right to sue the third party; thereafter, the employee may sue but the employer retains a subrogation interest for the compensation it paid. *Podgurski*, 821 A.2d at 405.

period for two months after the first award of workers'
compensation.  *See Hayes*, 669 A.2d at 771-71 (*citing Smith v.
Bethlehem Steel Corp.*, 303 Md. 213, 492 A.2d 1286 (1985)
(construing § 9-902(d)'s predecessor statute)).[5]

Under § 5-101, the limitations period on Letellier's claim
against Ramco began on May 8, 2006, the date of the robbery.
Letellier received his first award on July 7, 2006, which tolled
the limitations period for two months.  Thus, Letellier had
three years and two months--*i.e.*, from May 8, 2006 until July 8,
2009--to sue Ramco.  Because Letellier's Motion to Amend was not
filed until July 27, 2009, his claim against Ramco is untimely
under § 5-101.[6]

In his Motion to Amend, Letellier appears to argue that,
even if untimely, his Amended Complaint relates back to the
original complaint against Wachovia Bank, Wachovia Corporation,
and Shopco.  Under Fed. R. Civ. P. 15(c)(1), "[a]n amendment to
a pleading relates back to the date of the original pleading

---

[5] *See also Ferguson v. Loder*, 186 Md. App. 707, 975 A.2d 284,
288-89 (Md. Ct. Spec. App. 2009); *Locklear v. Bergman & Beving
AB*, 224 F.R.D. 377, 379 n.2 (D. Md. 2004); *Turner v. Smalis,
Inc.*, 622 F. Supp. 248, 251 (D. Md. 1985) (construing § 9-
902(d)'s predecessor statute).

[6] The filing date of the Motion to Amend--rather than the Amended
Complaint--determines the timeliness of the claim against Ramco.
*See Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993); *Mayes
v. AT&T Info. Sys. Inc.*, 867 F.2d 1172, 1173 (8th Cir. 1989).

when . . . the law that provides the applicable statute of limitations allows relation back." Under Maryland law, the addition of a new party does not relate back to the original filing date.[7]

Letellier argues that because Shopco impled Ramco on June 18, 2009, Ramco is not a "new party." Pl.'s Mot. to Amend 1. He contends that either his Amended Complaint relates back to Shopco's third-party complaint, or the statute of limitations was tolled by the filing of the third-party complaint. Ramco responds that the Amended Complaint is a new action against Ramco, and its timing is not affected by the third-party complaint.

There appears to be no Maryland case on point.[8] An amended complaint filed after the statute of limitations has run may

---

[7] *Ferguson v. Loder*, 186 Md. App. 707, 975 A.2d 284, 291 (Md. Ct. Spec. App. 2009); *see also Williams v. Hofmann Balancing Techniques, Ltd.*, 139 Md. App. 339, 776 A.2d 4, 19 (Md. Ct. Spec. App. 2001).

[8] Other federal courts have enforced the statute of limitations when the third-party complaint is timely but the amended complaint asserting direct liability is not. *See, e.g.*, *Collin v. Securi Int'l*, 322 F. Supp. 2d 170, 175-76 (D. Conn. 2004) (amended complaint did not relate back to the date of third-party complaint by original defendants); *Scharrer v. Conrail*, 792 F. Supp. 170, 172 (D. Conn. 1992) (cross claim by original defendant did not toll the statute of limitations on plaintiff's claim against third-party defendant); *Monarch Indus. Corp. v. American Motorists Ins. Co.*, 276 F. Supp. 972, 981 (S.D.N.Y. 1967) (same); *Straub v. Desa Industries, Inc.*, 88 F.R.D. 6, 9

either seek to substitute a new party for an original defendant or correct a misnomer[9] of the original defendant.  *Greentree v. Fertitta*, 338 Md. 621, 659 A.2d 1325, 1327 n.5 (1995).  The amendment may not add a new party.  *Nam v. Montgomery County*, 127 Md. App. 172, 732 A.2d 356, 364 (Md. Ct. Spec. App. 1999).

Letellier did not substitute Ramco for an original party; all the original defendants remain in the suit.  Further, Letellier does not argue that he originally intended to sue Ramco.  It does not appear that within the limitations period Ramco had notice of Letellier's intent to sue.  Letellier's Amended Complaint seeks to add a new party and does not relate back to the original complaint or Shopco's third-party complaint.  Because Letellier's Amended Complaint against Ramco is untimely and does not relate back, it must be dismissed.

---

(M.D. Pa. 1980) (same); *Monarch Indus. Corp. v. American Motorists Ins. Co.*, 276 F. Supp 972, 980 (S.D.N.Y. 1967) (same); *Frankel v. Black*, 37 F.R.D. 545, 547 (E.D. Pa. 1965) (same); 6 Wright & Miller, *Federal Practice & Procedure*, § 1459 (3d ed. 1998); 3 *Moore's Federal Practice*, § 14.29 (3d ed. 1997).

[9] An amendment corrects a misnomer if (1) the newly-named defendant was intended to be sued originally and (2) had timely notice of its intended status as a defendant within the limitations period.  *Nam v. Montgomery County*, 127 Md. App. 172, 732 A.2d 356, 364 (Md. Ct. Spec. App. 1999).

III. Conclusion

For the reasons stated above, Ramco's motion to dismiss will be granted.

November 5, 2009                    _____/s/_____
Date                               William D. Quarles, Jr.
                                   United States District Judge